### Henry D. McHenry v. Rome Mill Company.

[Abstract Kentucky Law Reporter, Vol. 1—413.]

**Mechanic's Lien—Statement Filed to Secure.**

> A mechanic is only entitled to a lien for work in constructing a building when he files a notice of his lien within sixty days from the time such labor ceases and he waives his lien by failing to file his notice within the time prescribed; and where, after he ceases to work in the construction of a mill, but engages to work for its owners on a salary in running the mill, a statement filed by him seven months after the construction work was done by him but within sixty days from the time he ceased work in running the mill is not sufficient to secure him any lien.

#### APPEAL FROM OHIO CIRCUIT COURT.

November 20, 1880.

Opinion by Judge Hines:

Appellant and appellee, both stockholders in the Rome Mill Company and creditors of said company, assert their respective demands and claim priority in the distribution of the assets of the company. Appellant claims priority by virtue of an attachment, and appellee under the mechanic's lien law. The sole question is: Had appellee a mechanic's lien on the mill property at the date of the levy of appellant's attachment in August, 1878?

Section 6, Chap. 70, Gen. Stat., provides that a mechanic's lien "shall be dissolved, unless the claimant, within sixty days after he ceases to labor or furnish material, files in the office of the clerk of the county court of the county a statement of the amount due him, with all just credits and set-offs known to him," etc.

Appellee filed his claim in the county clerk's office on the 2d of September, 1878, and instituted his action to enforce the lien on the 28th of October, 1878, which action was consolidated with that of appellant. The account filed by appellee in that action is as follows:

"1878, Rome Mill Company.
                              To J. P. Hunter,                    Dr.
To  work on mill, 244 days at $3.50.............. $854  00
To  running mill seven months at $50.......... 350  00
To  F. Hunter, to four months running mill engine    80  00
                                                               ───────────
                                                         $1,284  00"

Appellee in his deposition says in reference to this matter: "As to my account filed in the clerk's office 244 days was for mill-wright work exclusive, at which time we concluded to run the mill so as to defray expenses, and as fast as we could get the material, finish the mill. At that time I went to work for the company for $50 a month as miller, millwright and superintendent of the machinery department, with the understanding that we would finish the mill as soon as we could."

It also appears in evidence that some work was done on the mill after it began to run, and that a portion of this work was done as late as August, 1878, and that it never was completed as originally designed. The exact date at which appellee ceased to charge for services as a mechanic and began to charge for services as miller does not appear further than as shown by the account referred to. This account shows no charge for services as mechanic or machinist later than seven months prior to the 2d day of September, 1878, although, as we have seen, some little work was done during the time for which he charges for services as miller.

The inquiry then is: At what time did appellee "cease to labor" as a mechanic or machinist in the construction of the mill. It appears to us that appellee has answered for himself that he so ceased to labor seven months prior to the filing of his claim in the county clerk's office. Claiming to come within the mechanic's lien law, it is

incumbent upon him to show that fact, but as we have seen by the extract from his deposition he does not show a case within the law, nor does his petition to enforce his lien show such a case. In his petition he alleges that within sixty days "after he ceased to labor for said Rome Mill Company he filed in the clerk's office" his claim, etc. But it is not alleged that this was done within sixty days after he ceased to labor in the construction, erection or repair of the mill.

That he did labor for the company up to within sixty days of filing his claim is clearly manifest, but his claim filed with his petition shows that this labor for which he charges was for running the mill, and not for its construction. His petition upon its face shows no right to recover. It is not enough to allege that he did labor within the sixty days, but it must also be alleged that the labor was of that character which entitles him to a lien under Chap. 70 of the General Statutes. But it may be conceded that this was simply a defective statement of a cause of action that might be cured by tendering an issue, and yet he cannot recover, as far as the enforcement of a lien is concerned, because his exhibit upon which he declares shows that the labor for which he would be entitled to a lien was not in any part performed within sixty days of filing his claim. That the mill was not completed according to the original design, and that appellee could not complete it because the company did not furnish the material, does not alter the case. The right to a lien is statutory and not by a contract. We need not decide whether appellee would have brought himself within the statute if he had charged as a mechanic or machinist for work done on the mill during the seven months for which he charges for running the mill, for no such case is presented either by the pleadings or by the evidence.

Whatever moral claim appellee may have to a preference it appears to us clear that under the law his claim is not superior to that of any other creditor whose debt is unsupported by attachment. We are, therefore, of the opinion that the court erred in giving preference to the appellee over appellant, and so much of the judgment of the court below as gives this preference is *reversed* and cause remanded with directions for further proceedings consistent with this opinion.

*McHenry & Hill, for appellant.  Walker & Hubbard, for appellee.*